UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAMON JACKSON,

    Plaintiff,

Civil Action No. 07-15378

vs.

DISTRICT JUDGE JOHN CORBETT O'MEARA
MAGISTRATE JUDGE STEVEN D. PEPE

BARBARA S. SAMPSON, JAMES QUINLAN,
MIGUEL BERRIOS, JAMES ATTERBERRY,
STEPHEN BEBOER, ARTINA TINSLEY
HARDMAN, ENID LIVINGSTON, SHAREE
BOOKER,LAURIN THOMAS,
and JOHN SCHLINKER,

    Defendants.

_____/

## REPORT AND RECOMMENDATION GRANTING DEFENDANTS' MOTION TO DISMISS AND/OR SUMMARY JUDGMENT (DKT. #23)

Plaintiff is an inmate in the custody of the Michigan Department of Corrections ("MDOC") who is serving a 6 – 15 year sentence for manslaughter which runs consecutive to a sentence of 2 years for felony firearm (Dkt. #23, Ex. 1, p. 32). He has been denied parole by the Defendant Michigan Parole Board. Plaintiff has brought a 42 U.S.C. § 1983 lawsuit for due process violations under the Fourteenth Amendment against Barbara Sampson, Chairperson of the Michigan Parole Board, and nine individual Parole Board members in which he claims that the Defendants have a blanket ban on paroling violent assaultive offenders. Plaintiff seeks a declaratory judgment that this alleged blanket ban on paroling violent assaultive offenders violates various constitutional rights.

On May 27, 2008, Defendants filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6) or in the alternative under Fed. R. Civ. P. 56 because the complaint fails to state a claim upon which relief can be granted or in the alternative there is no genuine issue as to any material fact and the Defendants are entitled to judgment as a matter of law (Dkt. #23). Plaintiff filed a response to the present motion on June 9, 2008 (Dkt. #24). All pre-trial proceedings have been referred in accordance with the authority conferred in 28 U.S.C. §636(b) (Dkt. #6). For the reasons stated below, it is **RECOMMENDED** that Defendants' motion be **GRANTED** and the complaint be **DISMISSED** for failure to state a claim.

**I.    BACKGROUND**

Plaintiff is an inmate with the MDOC who is currently serving a sentence of 6 -15 years for manslaughter which runs consecutive to a sentence of 2 years for felony firearm (Dkt. #23, Ex. 1, p. 32). Plaintiff's crime involved the repeated shooting of two unarmed victims (*id.* at 23, 24). One of the men Plaintiff killed had been acting as a peacemaker by trying to stop the argument (*id.*). Plaintiff acknowledges he was found guilty of these crimes on June 2, 1999, in Wayne County Circuit Court (Complaint, ¶ 6, p. 1). On July 10, 2007, the Michigan Parole Board voted to deny the Plaintiff parole (Dkt. #23, Ex. 1, p. 3).

Plaintiff is attempting to challenge this parole denial by filing a 42 U.S.C. § 1983 action in which he requests injunctive and declaratory relief. Specifically Plaintiff is requesting this Court:

> 1. "Enter an order enjoining Defendants from using its blanket ban on parole for violent assaultive offenders policy and procedure as applied to Plaintiff." (Complaint, ¶ 129b, p. 14).
>
> 2. "Enter a declaratory judgment that Defendants' retroactive application of … their blanket ban for parole for violent assaultive offenders … violates the ex post facto

clause. . . ." (Complaint, ¶ 129c, p. 14).

3. "Enter a declaratory judgment that application of Defendants' blanket ban on parole . . . to violent assaultive offenders violates the due process clause. . ." (Complaint, ¶ 129d, p. 14).

4. "Enter a declaratory judgment that the Michigan Parole Board members are biased and have a pecuniary interests in denying parole to violent assaultive offenders in violation of the Fourteenth Amendment." (Complaint, ¶ 129e, p. 14).

5. "Order that Plaintiff be immediately considered for parole before a different parole board, one that is neutral and detached." (Complaint, ¶ 129f, p. 14).

## II. ANALYSIS

Fed. R. Civ. P 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even in everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. ----, 127 S.Ct. 1955, 1965 (2007), *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007). "Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations," *Twombly*, 127 S.Ct. at 1965 (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

"However, while liberal, this standard of review does require more than the bare assertion of legal conclusions." *Columbia Natural Res., Inc. V. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1994). "In practice, a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory*.*" *In re DeLorean*, 991 F.2d 1236, 1240 (6th Cir. 1993) (emphasis in original) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc*., 859 F.2d 434, 436 (6th Cir. 1988)). *See also, Morgan v. Church's*

*Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987) (liberal Rule 12(b)(6) review is not afforded legal conclusions and unwarranted factual inferences); *Ana Leon T. v. Federal Reserve Bank*, 823 F.2d 928, 930 (6th Cir. 1987) (*per curiam*) (mere conclusions are not afforded liberal Rule 12(b)(6) review).

*Conley v. Gibson*, 355 U.S. 41, 46 (1957), spoke of "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." (Emphasis supplied.). *Twombly*, notes that under a "literal reading of *Conley's* 'no set of facts' standard, a wholly conclusory statement of claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." *Twombly*, 127 S.Ct. at 1968. *Twombly*, rejects this literal reading of *Conley* and required that pleadings state sufficient facts to show not just a possible, but a "plausible" claim of relief. Instead of the 'no set of facts' standard of *Conley*, *Twombly* endorsed the standard that a complaint be plausible to the extent that from the facts alleged there is a "'reasonably founded hope' that a plaintiff would be able to make a case," citing *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 347 (2005) and its quote from *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 741 (1975).

Prisoners have no general federal constitutional right to parole or a parole hearing. *Board of Pardons v. Allen*, 482 U.S. 369, 373 (1987); *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979); *Inmates of Orient Correctional Institute v. Ohio State Adult Parol Auth.*, 929 F.2d 233, 235 (6th Cir. 1991). States may create a liberty interest through regulations and procedural rules that limit the discretion of state officials in

making parole decisions. *See Hewitt v. Helms*, 459 U.S. 460, 471-72 (1983); *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974); *Bills v. Henderson*, 631 F.2d 1287, 1291 (6th Cir. 1980). Yet, it is well established that Michigan's parole scheme does not create a protected liberty interest in parole because the Michigan Parole Board has broad discretion to recommend or deny parole. *See* Mich. Comp. Laws Ann. § 791.235; *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (*en banc*); *Hopkins v. Michigan Parole Bd.*, 604 N.W.2d 686, 689 (Mich. App. 1999).

Therefore, "even if the Parole Board relied on inaccurate information to deny [Plaintiff] parole," *Caldwell v. McNutt,* 158 Fed. Appx. 739, 741, 2006 WL 45275, *1 (6th Cir. 2006), or failed to follow its own policy directives during the parole hearing, *Moran v. McGinnis*, 1996 WL 304344, *2 (6th Cir 1996), it did not violate any liberty interest protected by the due process clause of the United States Constitution.

A §1983 plaintiff must allege the violation of a right secured by federal laws or the United States Constitution, *West v. Atkins,* 487 U.S. 42, 48 (1988). Plaintiff has failed to allege such a right protected by the due process clause or other federal statutory or constitutional right.. Plaintiff's §1983 due process claims should be dismissed.

### III. RECOMMENDATION

For the reasons stated above, it is **RECOMMENDED** that Defendants' motion be **GRANTED** and the complaint be **DISMISSED** for failure to state a claim. The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of HHS*,

5

932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this report and recommendation. *Willis v. Sec'y of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370,1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections. A party may file a reply brief within 5 days of service of a response. The reply shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.

Dated: August 29, 2008       s/Steven D. Pepe  
Ann Arbor, Michigan       United States Magistrate Judge

Certificate of Service

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on 8/29/08.

    s/Jermaine Creary  
    Deputy Clerk